## McNICHOLS et al. v. INTERNATIONAL TYPOGRAPHICAL UNION et al.

### WEISSMANN et al. v. SAME.

### No. 4663.

Circuit Court of Appeals, Seventh Circuit.
Feb. 8, 1933.

Rehearing Denied April 4, 1933.

Frank C. Dailey, Perry E. O'Neal, and Robert A. Efroymson, all of Indianapolis, Ind., for appellants.

Martin M. Hugg, Howard Young, and Harvey J. Elam, all of Indianapolis, Ind., for appellees.

Before ALSCHULER and SPARKS, Circuit Judges, and WILKERSON, District Judge.

WILKERSON, District Judge.

Appeals in this case were before this court in McNichols et al. v. International Typographical Union et al., 21 F.(2d) 497, and Howard et al. v. Weissmann et al., 31 F.(2d) 689. The facts as to the relation between the International Union and the Mailers' District Union and the pertinent provisions of the constitution of the International Union are set forth in those cases. They will not be repeated here.

After the affirmance of the decree involved in the second appeal, plaintiffs filed an ancillary bill charging that, despite the adjudication in the former decrees, the defendants to the original bill had conspired to defeat the rights of plaintiffs established by the decrees, and that, unless enjoined, the International Union and its officers intended to pursue a course of conduct which would result in the destruction of the Mailers' District Union. The complaint of the plaintiffs (appellants here) was directed against (a) the refusal of the International Union to issue charters for new local mailers' unions upon petitions in due form and accompanied by the requisite fees which were presented by the Mailers' District Union, and the assertion by the International Union of a right on its part to pass upon the qualifications of the members of such local unions; (b) the assertion by the International Union of its right to permit mailers to retain membership in the International Union without payment of dues to the Mailers' District Union, and the acceptance by the International Union of dues from mailers who had been suspended from the Mailers' District Union; (c) the issuing of traveling cards to mailers by the International Union.

Several local mailers' unions intervened and joined in the assertion of the right of members of local mailers' unions to keep up their membership in the International Union without paying dues and preserving their membership in the Mailers' District Union.

The questions involved here were not adjudicated on the former appeals. The first appeal involved procedure as to the amendment of the constitution of the International Union, and the court held that proposed amendments of the constitution must be submitted to the local unions by the executive council, and that the president, by virtue of his office, had no right to submit such amendments to local unions against the will of the executive council. The second appeal involved proposed amendments to the international constitution, the effect of which would have been to dissolve the Mailers' Union and to prevent future organization or functioning of trade district unions. The court held that, as the International Union for years had received payments from the members of the Mailers' District Union, who had acquired thereby a property right in the accumulated funds of the International Union as well as in those of their own District Union, the constitution could not be amended so as to abolish the District Union. The appeal now before the court involves the construction of provisions of the constitution of the International Union which have remained unaltered since their adoption in 1902.

■ *Charters.* The District Court in its findings held that under article 13 of the constitution of the International Union the Mailers' District Union did not have the arbitrary right to require the International Union to issue charters for local mailer unions. It held that the authority to grant charters was to be exercised jointly by the International Union and the District Union, and that the International Union had the right to examine the application for a charter for the purpose of passing upon the eligibility of the proposed members. The court pointed out that those that were admitted to membership in the Mailers' Union became members of the International Union, entitled to share in the financial benefits of the funds which had been accumulated from the membership of the International Union. The court also held that as to the specific applications for charters, of which complaint was made, the evidence did not show that the officers of the International Union had acted arbitrarily or unreasonably. We think that the District Court placed a reasonable interpretation upon the provisions of the constitution of the International Union as to charters. In fact, we think that no other interpretation is warranted by the language of the constitution. If the members of the local mailer unions are to share in the benefits of the International Union, as well as in those of the District Union, it seems fair and reasonable that both the parent union and the subordinate union should have a voice in passing upon the eligibility of members. The finding of the court against the charge of unreasonableness on the part of the officers of the International Union in passing upon applications for charters is, we think, supported by the evidence.

■■ *Dues.* Article 13 of the international constitution provides that the District Union shall have the power, privilege, and right to

492

collect and forward to the secretary-treasurer of the International Union all per capita taxes due from subordinate unions of its craft. This is subject to the provisions of section 3 of article 13 that such power, privilege, and right shall not work to repeal or affect the laws of the International Union regarding revenue, per capita tax, benefits, etc. The District Court found that the Mailers' District Union interpreted these provisions to mean that the international per capita tax and international dues and assessments should be collected by the mailers' subordinate unions and transmitted to the treasurer of the International Union, and that the Mailers' Trade District Union laws and its constitution contained provisions to that effect. The District Court ruled upon the answers of the intervening mailer subordinate unions who had been suspended for nonpayment of dues to the Mailers' District Union that mailer members were not obliged to keep up their membership in the Mailer District Union as a condition to their right to protect their interest in the funds of the International Union. The court held that the provisions of the international constitution, fairly construed, did not confer power upon the Mailers' District Union to deprive mailers who had failed to pay dues to the District Union of their membership in the International Union. We agree with this construction of the international constitution. A mailer member has acquired an interest in the accumulated funds of both the District Union and the International Union. It would be a harsh rule which would deprive him of the benefits he has acquired in the funds of the International Union because he does not care to retain his interest in the funds of the District Union. And it is to the interest in those funds that we must look for the right of the court to interfere at all in the affairs of the unions.

*Traveling Cards.* The District Court found that, before the ancillary bill was filed, the executive council of the International Union ruled that the District Union had exclusive control over the traveling cards of its members, and that there should be no interference with the Mailers' Trade District Union in controlling the traveling cards of its members, and that since that time no traveling cards have been issued by the International Union to any mailer members of the International Union.

Complaint was made in the ancillary bill with reference to the alleged failure of the president to give notice to the executive council. The District Court found that, in view of an amendment made to the by-laws of the International Union after the filing of the ancillary bill, the question was a moot one. The amendment recited by the court in its findings appears to be a reasonable measure for the expeditious transaction of business, and is not in conflict with any provision of the constitution or with the injunctions heretofore sustained in this court. We find nothing in the record which would justify a reversal of the ruling of the District Court on this point.

We think that Judge Baltzell in his findings has correctly construed the provisions of the international constitution here involved. The decree dismissing the ancillary bill for want of equity is affirmed.